UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ALEXANDRIA CIAMPA,

                Plaintiff,          **MEMORANDUM & ORDER**

    -against-

                                     15-CV-6451

OXFORD HEALTH INSURANCE, INC.,

                Defendant.
---------------------------------------------------X

**APPEARANCES:**

**LAW OFFICES OF EDWARD J. BOYLE**
Attorneys for Plaintiff
500 Manhasset Woods Rd.
Manhasset, NY 11030
By:    Edward Joseph Boyle, Esq.

**SEDGWICK LLP**
Attorneys for Defendant
225 Liberty Street, 28th Floor
New York, New York 10281
By:    Matthew Paul Mazzola, Esq.
          Michael H. Bernstein, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Alexandria Ciampa ("plaintiff" or "Ciampa") initiated this action in the Supreme Court of New York, Nassau County on October 8, 2015. The complaint alleges that pursuant to Section 349 of the General Business Law of New York ("NYGBL"), defendant Oxford Health Insurance ("defendant" or "Oxford") used deceptive business practices to market and sell its Group Medical Coverage, specifically its Freedom Select Plan ("Freedom Plan" or "Plan"). Oxford removed this matter to federal court on November 11, 2015, claiming that this Court has federal question jurisdiction under 28 U.S.C § 1331 because plaintiff's claims are preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA"). Presently before the Court is plaintiff's motion to remand this action back to Nassau County Supreme Court. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

*I. Procedural Background*

Plaintiff previously commenced an action against defendant in this Court entitled *Ciampa v. Oxford Health Ins., Inc.* ("Ciampa I"). In that lawsuit, plaintiff alleged pursuant to ERISA that defendant improperly denied her claim for additional benefits under the Freedom Plan. This Court dismissed plaintiff's claims with prejudice, stating that she failed to state a claim upon which relief could be granted under ERISA. As discussed above, plaintiff then filed the present action in Nassau Supreme Court alleging violations of NYGBL Section 349, and defendant ultimately removed to this Court.

*II. Factual Background*

Plaintiff alleges that she is a participant in the Freedom Plan, which is an employee welfare benefit plan sponsored by Ciampa Management Corporation, her husband's employer. (Complaint ¶ 15.) Plaintiff's husband paid premiums for her coverage. (Complaint ¶ 17.) In February 2013, plaintiff underwent back surgery that was performed by a physician out of the Plan's network. (*Id.* ¶ 9.) According to plaintiff, her medical bills for the surgery totaled $68,545. (*Id.*) Oxford reimbursed plaintiff $5,645.19, leaving plaintiff responsible for the remaining balance. (*Id.*)

Plaintiff alleges that Oxford used deceptive business practices in marketing and selling the Freedom Plan. (*Id.* ¶ 1.) She claims that based on a pre-certification letter, certificate of coverage, and illustrations in the plan documents provided to her, she was

led to believe that Oxford would cover eighty percent of the cost of her back surgery. (*Id.*
¶¶ 19, 21, 25.) Thus, plaintiff claims she relied on defendant's "false and deceptive
representations to her detriment," in retaining an out-of-network physician for her
surgery. (*Id.* ¶ 8.) She seeks damages in the amount of $62,000, which she alleges
represents the amount in premiums her husband paid under the Plan.

## LEGAL STANDARDS

Under 28 U.S.C. § 1441, a defendant can remove a civil action filed in state court to a federal district court if the district court has original subject matter jurisdiction over the action. *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 271 (2d Cir. 1994). Here, defendant's sole asserted basis for subject matter jurisdiction rests upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 through the preemption provisions of ERISA. Defendant bears the burden of showing that the case is properly before the Court. *See Grimo v. Blue Cross/Blue Shield of Vt.,* 34 F.3d 148, 151 (2d Cir. 1994) (where federal jurisdiction is purportedly based on ERISA preemption, "the defendant bears the burden of demonstrating the propriety of removal").

The federal question statute, 28 U.S.C. § 1331, gives the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9–10 (1983)). Under this rule, a defendant generally may not remove a case to federal court unless a federal question appears on the face of the complaint. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). This rule is

premised on the principle that a plaintiff is generally free to choose his law and forum. *See id.* However, "a plaintiff's choice in pleading his complaint is not absolute." *Bellido-Sullivan v. Am. Int'l Grp.,* 123 F. Supp. 2d 161, 164 (S.D.N.Y. 2000). An exception exists to allow a defendant to remove where federal law completely preempts a cause of action pleaded entirely on state law grounds. *Davila,* 542 U.S. at 208. The Supreme Court has recognized ERISA as one of the statutes that operates within this exception. *Id.*

ERISA has the dual purposes of " 'protect[ing] ... the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and [providing] for appropriate remedies, sanctions, and ready access to the Federal courts." *Id.* (quoting 29 U.S.C. § 1001(b)). To establish uniformity in enforcement, ERISA "creates a comprehensive civil enforcement scheme that completely preempts any state-law cause of action that duplicates, supplements, or supplants an ERISA remedy." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (internal quotation marks and citation omitted). ERISA's enforcement provision, 29 U.S.C. § 1132(a) (or "§ 502(a)"), affords participants and beneficiaries with the right to bring a civil action to recover benefits due under the terms of their plans, to enforce rights under the terms of their plans, or to clarify their rights to future benefits under the terms of their plans. Moreover, "if [plaintiff's] claims fall within the scope of [§ 502(a)] . . . those claims are preempted by ERISA." *Montefiore*, 642 F.3d at 328.

In *Aetna Health Inc. v. Davila*, the Supreme Court held that ERISA preemption occurs where: (1) "an individual, at some point in time, could have brought his claim

under ERISA § 502(a)(1)(B);" and (2) "no other independent legal duty . . . is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. The Second Circuit later clarified that under the first prong of this test, the court must consider: (a) whether the plaintiff is "the *type* of party [who] can bring a claim pursuant to § 502(a)(1)(B)"; and (b) whether "the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." *Montefiore,* 642 F.3d at 328.

## DISCUSSION

If the two prongs of the *Davila-Montefiore* test are satisfied, this Court will have federal question subject matter jurisdiction. In this case, it is not in dispute that since plaintiff is clearly a beneficiary under the respective plan, prong one, step one is satisfied. The Court will next consider whether plaintiff's claim is a colorable claim for benefits under prong one, step two.

A claim is a "colorable claim for benefits" where it "implicates coverage and benefit determinations as set forth by the terms of [an] ERISA benefit plan." *Montefiore*, 642 F.3d at 325. Defendant argues that plaintiff's "GBL § 349 cause of action is solely based on whether the terms of the Plan are deceptive, which undeniably requires the Court to examine both the language and application of Ciampa's ERISA-governed Plan." (Def.'s Mem. in Opp'n at 13.) Plaintiff claims, however, that "there is no need to interpret Ciampa's Plan," as "Oxford has calculated [the amount owed under the Plan] and Ciampa has accepted their analysis." (Pl.'s Reply at 8.) According to plaintiff, "[t]he Action has to do with Ciampa's expectations based upon the distributed materials, of her anticipated level of reimbursement," and "[t]he Plan is not an issue." (*Id.*)

5

The Court agrees with defendant that plaintiff's claim is a colorable claim for benefits, as "the essence of [her NYGBL claim] directly concerns the issue of benefits under ERISA § 502(a)(1)(B)." *Wurtz v. Rawlings Co., LLC*, 933 F. Supp. 2d 480, 495 (E.D.N.Y. 2013), *vacated on other grounds*, 761 F.3d 232 (finding that plaintiff's NYGBL § 349 claim was "one for benefits under the ERISA-governed Plans"); *see Costa v. Astoria Fed. Sav. and Loan Ass'n*, 995 F. Supp. 2d 146, 154-55 (E.D.N.Y. 2014) (finding that plaintiff's GBL § 349 claim was pre-empted by ERISA); *see also Berry v. MVP Health Plan, Inc.*, 2006 WL 4401478, at *6 (N.D.N.Y. Sept. 30, 2006) (finding that GBL § 349 claim was preempted where "[c]onsideration of the relevant . . . plan [was] necessary to determine whether defendants wrongfully withheld benefits."). Moreover, in order to determine whether defendant's conduct was deceptive, it is first necessary to determine the benefits owed under the Plan. Furthermore, plaintiff's claim satisfies the second prong of the *Davila-Montefiore* test as no other independent legal duty is implicated by defendant's actions. Rather, the defendant's conduct is "inextricably intertwined with the interpretation of Plan coverage and benefits." *Montefiore*, 642 F.3d at 332; *Wurtz*, 933 F. Supp 2d at 499.

The fact that plaintiff seeks damages in the amount of the premiums and not benefits owed does not change the Court's analysis, as the defendant's "liability . . . derives entirely from the particular rights and obligations established by the [Plan]." *Davila*, 542 U.S. at 213-14. In other words, as noted above, consideration of the Plan terms is necessary to determine whether defendant committed any deceptive acts. Plaintiff attempts to avoid this by stipulating that defendant reimbursed her the appropriate amount due under the Plan. However, this does not change the fact that her NYGBL

claim "directly implicate[s] issues concerning benefits due under the Plan[]." *Wurtz*, 933 F. Supp. 2d at 493; *see also Schultz v. Tribune ND, Inc.*, 754 F. Supp. 2d 556, 556-57 (E.D.N.Y. 2010) ("a plaintiff may not defeat federal subject-matter jurisdiction by artfully pleading his complaint") (internal quotation marks and citation omitted). As a result, her motion for remand is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action to the Supreme Court of New York, Nassau County is denied, and this Court has federal question subject matter jurisdiction over plaintiff's claim. To the extent defendant seeks dismissal of the Complaint, it should notify the Court via a letter within ten (10) days of this Order.

Dated: Central Islip, New York
       December ___, 2016                                     /s/
                                                              Denis R. Hurley
                                                              United States District Judge